IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRETT MORGAN BOWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00359 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SOUTHWEST VA REGIONAL JAIL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Brett Morgan Bowers, Pro Se Plaintiff.*

The plaintiff, Brett Morgan Bowers, an incarcerated person proceeding without attorney representation, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about living conditions at the Southwest Virginia Regional Jail (SWVRJ). After review of the Complaint, I will summarily dismiss this action.

Bowers' allegations are sparce. He contends that it was cruel and unusual punishment when he "was put into a cell with fecal matter and black mold from 4/23/23 til [mid-June 2023] and was denied soap for 35 days." Compl. 2, ECF No. 1. He also claims "[d]iscrimination," based on these same conditions, imposed on him after he received "in house charges" on which other inmates "would only do 15 or 30 days." *Id.* As relief, Bowers seeks money damages.

Under 28 U.S.C. § 1915A(a), (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or

employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Bowers identifies the defendant in this case as the jail itself. A local jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Thus, Bowers has no actionable claim against the jail and fails to identify any individual who violated his rights.

To the extent that Bowers may sue the entity that operates the regional jail, his § 1983 claims also fail on the facts he has alleged. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). Bowers has not alleged sufficient facts to demonstrate that any jail policy caused the alleged violations of his constitutional rights, as required to present a viable § 1983 claim against the jail authority.

Because Bowers' § 1983 claims cannot proceed against the jail or the jail authority, I will summarily dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

An appropriate Order will enter this day.

DATED: November 20, 2023

/s/  JAMES P. JONES
Senior United States District Judge